**Earl CLIFT, Jr., Appellant,**

v.

**Betty Jean CLIFT, Appellee.**

Court of Appeals of Kentucky.

March 16, 1956.

Yancey, Martin & Ockerman, Lexington, for appellant.

Kelley G. Rogers, Lexington, for appellee.

MILLIKEN, Chief Justice.

Earl Clift, Jr., has prosecuted this appeal from a judgment of the Fayette Circuit Court denying him a divorce and granting instead a divorce to his wife, Betty Jean Clift. He is also appealing from the adjudication that he is the father of a son born to Betty Jean Clift six months after their marriage and the direction of the Court that he contribute to the support of the child.

In his suit for divorce, appellant alleged the statutory ground that his wife was pregnant without his knowledge by another man at the time of their marriage. KRS 403.020(4) (a). By her answer, the wife denied this charge and affirmatively stated the appellant is the father of the child. She also counterclaimed for a divorce alleging her husband had displayed a settled aversion toward her for more than six months, and sought maintenance for the child.

The parties were married February 7, 1953, and the child was born August 7, 1953. At the time of the marriage, appellant was a member of the armed forces and for several months prior to the marriage had been stationed at Fort Myer, Virginia.

To disprove paternity of the child, the appellant attempted to establish that he did not have access to his wife-to-be at the time

the child was conceived. Medical testimony fixed the time of conception as sometime during the month of November, 1952. Appellant testified that from June, 1952, until January 1, 1953, he was stationed at Fort Myer and never left there except to go to nearby Washington, D. C., in the performance of his duties of driving a bus to and from the Pentagon building, or to visit Russell E. Rebel, a married friend from Fayette County who was a member of the same army unit, and to whose apartment he went on Saturdays during the months of November and December, 1952, to play cards and drink beer. Rebel stated that he saw appellant every week end during the months of November and December, 1952, and that to his knowledge appellant did not return to Lexington, Kentucky, any week end during that period. Appellant's mother also testified that her son did not return to Lexington during this period.

On the other hand, the wife testified that she met appellant on the evening of November 5, 1952, at a skating rink in Lexington. She had known him for about six years, but had never dated him. However, on this occasion she agreed to let him take her home. She testified she thereafter had dates with him almost every week end during the months of November and December; that he returned to Lexington practically every week end by train during these two months; that she had intercourse with him six times prior to their marriage; that she first told him she was pregnant on December 12, 1952, and after that occasion began to beg him to marry her. The wife's mother testified that appellant visited in their home several times during the months of November and December, 1952.

The question confronting this court on appeal is whether the trial court's finding that appellant had access to his wife-to-be during the period this child was conceived is "clearly erroneous." CR 52.01; Wilson v. Wilson, 174 Ky. 771, 193 S.W. 7. Since we cannot say that this finding is "clearly erroneous," we concur in the adjudication of the trial court that this child is appellant's, and that he must contribute to

his son's support. There is a strong presumption of legitimacy, regardless of whether conception preceded or followed marriage. Gross v. Gross, Ky., 260 S.W.2d 655.

The judgment is affirmed.